IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-00125-24-CR-W-BP |
| | ) | |
| MONICA L. McCUBBIN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending is Defendant Monica L. McCubbin's Motion to Reconsider Denial of Bond filed on October 21, 2022. Doc. 477. The Government filed its opposition on October 31, 2022. Doc. 486. Defendant did not file a reply, and the time for doing so has passed. L.R. 7.0(c)(3). After carefully reviewing the record and the parties' briefing, the Court finds Defendant's motion should be **DENIED**.

**I.      Background**

On June 1, 2022, the grand jury returned an indictment that charged multiple offenses against thirty-nine defendants. Defendant McCubbin was charged with conspiracy to distribute 500 grams or more of methamphetamine and one kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count Two), and use of a communication facility to facilitate a drug trafficking crime in violation of 21 U.S.C. §§ 843(b) (Count Forty-Three). Doc. 1.[1] On June 8, 2022, Defendant was arrested and made her first court appearance. Doc. 13. The United States moved for a detention hearing. Doc. 4.

---

[1] On September 20, 2022, the grand jury returned a superseding indictment which alleged the same offenses against Defendant that were charged in the original indictment. *Compare* Doc. 1 *with* Doc. 396.

On June 13, 2022, the Court held an arraignment and detention hearing. Doc. 183. During the detention hearing, the parties stipulated that, if called to testify, the United States Pretrial Services Officer would testify consistently with the pretrial report (Doc. 152) prepared in this matter. *Id*. The Government also adduced evidence through the testimony of Agent Landon Swearngin. *Id*.

At the conclusion of the detention hearing, the Court found Defendant should be detained pending further proceedings. Docs. 180, 183. The Court found the presumption of detention had been sufficiently rebutted, but there was no condition or combination of conditions that would reasonably assure the safety of any other person and the community, or the appearance of Defendant as required. Doc. 180. The undersigned issued a detention order which found Defendant faces a potential lengthy period of incarceration if convicted; has prior criminal history; participated in criminal activity while on probation, parole, or supervision; has a history of violence or use of weapons; has a history of alcohol or substance abuse; has failed to appear in court previously; and has previously violated probation, parole, or supervised release. Doc. 180 at 2-3. The detention order also stated the following:

> Defendant has significant criminal history. This includes a 2007 case in this Court for conspiracy to distribute methamphetamine. She received a 60 month sentence and 5 years of supervised release. She had repeated SR violations for using meth, tampering with drug testing, associating with a felon, changing residence without notifying her officer, and being arrested for new offenses. She also has multiple convictions for felony drug possession in state courts after her federal case. The evidence established several instances of failure to appear in court and probation violations.

*Id.* at 3.

On October 21, 2022, Defendant moved to reconsider denial of bond based on new evidence. Doc. 477. Defendant contends her mother has been diagnosed with cancer, and Defendant would "like to help care for her mother and be a part of her support system and cannot

2
Case 4:22-cr-00125-BP    Document 535    Filed 01/13/23    Page 2 of 5

do that while incarcerated." Doc. 477 at 3. Defendant also submits that she has a new home plan with her long-term boyfriend in Orrick, Missouri. *Id.* at 4. According to the motion, the boyfriend has reliable employment and will be able to provide support for Defendant while on supervision. *Id.* Defendant contends that in addition to substance abuse treatment, she is also in need of mental health treatment due to the loss of her child in 2019. *Id.*

The Government contends "nearly all" the facts that supported the original decision to detain remain present. Doc. 486 at 5. The Government states that Defendant's criminal history is "extensive and contains numerous instances of failing to abide by conditions of supervision." *Id.* The Government also observes Defendant has five prior felony convictions for controlled substances, including a prior conspiracy conviction in this Court, as well as failures to appear for court "on multiple occasions." *Id.* According to the Government, the medical needs of Defendant's mother, the new home plan, and her willingness to engage in treatment will not reasonably assure public safety or her appearance in court. *Id*. at 5-6.

**II.     Discussion**

A detention hearing may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). By its express terms, this provision applies to reconsideration of a detention order and provides that reconsideration is permissible "only when there is new information that would materially influence the judgment" concerning potential flight risk and potential harm to any other person or the community. *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003).

The Court finds the newly proffered information concerning the health needs of Defendant's mother, a new home plan, and desired mental health and substance abuse treatment

do not have a material bearing on the issue of whether there are conditions of release that will reasonably assure her appearance in Court and the safety of any other person and the community. The Court further finds the newly proffered information does not warrant reopening the detention hearing under section 3142(f).

Defendant is charged with serious offenses, including an alleged drug conspiracy charge that carries a mandatory minimum prison sentence of ten years if convicted. The offense charged in Count Two carries a rebuttable presumption of detention under the Bail Reform Act. 18 U.S.C. § 3142(e)(3)(A). Although the undersigned found Defendant met the burden of production in overcoming the presumption, the presumption does not disappear, and the Court may consider the presumption along with all other factors. *See United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (citation omitted).

Defendant was previously convicted of possession of marijuana, providing false information to police, multiple instances of driving while suspended or revoked, driving while intoxicated, and three separate felonies for possession of a controlled substance. Doc. 152 at 4-14. She has a federal conviction from this Court in 2007 for conspiracy to distribute 500 grams or more of methamphetamine. *Id.* at 7. She received a 60-month sentence followed by a five-year term of supervised release. *Id.* She incurred repeated violations of the conditions of supervised release for using methamphetamine, tampering with drug testing, associating with a convicted felon, changing her residence without notifying her probation officer, failing to follow her probation officer's instructions, and being arrested for new offenses. *Id.* at 10. The Court revoked her supervised release and imposed an additional sentence of thirteen months in prison. *Id.* at 7. Her criminal history, including repeated violations for drug usage, failing to comply with drug testing, and failing to abide by other terms of supervision establish clear and convincing evidence

that there is no condition or combination of conditions that will reasonably assure the safety of other persons and the community.

There is also evidence that Defendant failed to appear for multiple court proceedings. Doc. 152 at 5, 10-12, 14. In addition to the supervised release violations discussed above, Defendant also incurred violations of probation in other cases. *Id.* at 12, 14. Defendant's history of failing to appear and failing to abide by conditions of supervision establishes by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure Defendant's appearance for future court proceedings.

The Court is very sympathetic to the current medical condition of Defendant's mother. Defendant's willingness to assist with her mother's treatment, however, does not alleviate the risk of safety to the community and the risk of non-appearance discussed above. The proposed home plan and the proposal for additional mental health treatment also do not have a material effect on the Court's analysis of both risks. Although counsel brought forward new evidence that may not have been known or fully developed at the initial detention hearing, this evidence does not materially influence the Court's judgment concerning potential flight risk and potential harm to any other person or the community.

After carefully reviewing the entire record and the arguments of both parties, the Court finds continued detention is warranted, and the standards for reopening a detention hearing have not been met. Based on the foregoing, Defendant's Motion to Reconsider Denial of Bond (Doc. 477) is **DENIED**. Defendant shall remain in the custody of the United States Marshal pending further proceedings in this case.

**IT IS SO ORDERED.**

DATE: January 13, 2023         */s/ W. Brian Gaddy*
                               W. BRIAN GADDY
                               UNITED STATES MAGISTRATE JUDGE